NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSHUA JIMENEZ, AN INDIVIDUAL,<br><br>    Plaintiffs,<br>vs.<br>CITY OF INGLEWOOD, a municipal entity; OFFICER SALMAN NAZIR, an individual; OFFICER RANDY RODRIGUEZ; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____ | CASE NO.: 2:14-CV-9609-MWF (FFMx)<br><br>DISCOVERY MATTER<br><br>Honorable Frederick F. Mumm<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE<br><br>Complaint Filed: December 16, 2014<br>Trial Date:      May 24, 2016 |

    Having considered the Joint Stipulation of Plaintiff Yoshua Jimenez (hereinafter also referred to as "Plaintiff") and Defendants City of Inglewood, Officer Salman Nazir, and Officer Randy Rodriguez, by and through their respective counsel of record, hereby stipulate to the entry of a Protective Order, which is submitted concurrently for the Court's signature, to govern the handling certain confidential and privileged

- 1 -

**[~~PROPOSED~~] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

documents and information throughout the proceedings of the above-captioned action:

**IT IS HEREBY ORDERED**:

### 1. **GOOD CAUSE:  PURPOSE AND SCOPE**

The parties met and conferred in August of 2015.  As part of the Initial Disclosures of Defendants City of Inglewood and Officer Salman Nazir, and in response to Plaintiff's First Set of Requests for Production of Documents and Things, said Defendants will be producing documents deemed privileged and/or confidential that are identified in the Initial Disclosures and that are responsive to Plaintiff's First Set of Requests for Production of Documents and Things specifically:

1. Documents identified by Defendants in their Initial Disclosures (i.e., IPD General Orders and Policies, Incident Reports, Photographs, etc.).

2. Portions of the Personnel files of Defendants Officer Salman Nazir and Officer Randy Rodriguez which are responsive to Plaintiff's First Set of Requests for Production (with the exception of any documents contained within the City's Background Check Files of said Officers), for the period of no greater than five years prior to and including the July 3, 2013 incident involving Plaintiff, with appropriate redactions of personal information (e.g., birth date, drivers' license, residence addresses, family member identification, Social Security Number, financial information, etc.), if necessary.

3. Photographs of Officer Randy Rodriguez and Officer Salman Nazir, particularly, files "DSC_5331.jpg" through "DSC_5340.jpg" and "DSC_5351.jpg" through "DSC_5360.jpg" (to be assigned Bates Numbers upon disclosure).

4. Portions of the IPD Internal Investigation files (i.e., complaints, investigations, disciplinary action), if any, regarding claims by citizens similar in nature to those alleged by Plaintiff in this action (i.e., unreasonable use of deadly and

- 2 -

**[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

1  excessive force, unreasonable seizures of persons,)  for the period of no greater than
2  five years prior to and including the July 3, 2013 incident involving Plaintiff, regarding
3  Defendants Officer Salman Nazir and Officer Randy Rodriguez which are responsive to
4  Plaintiff's First Set of Requests for Production.

5    5. Documents which comprise the investigation of the July 3, 2013 incident
6  that is the subject of this action, i.e., OIS / Internal Affairs Investigation File FD 2013-
7  005 and corresponding Case DR 13-5898, which are responsive to Plaintiff's First Set
8  of Requests for Production.

9    6. Documents which will be produced by the Los Angeles County District
10 Attorney's Office and Sheriff's Department via subpoena regarding the criminal case of
11 <u>People v. Yosua Jimenez</u>, YA 087836, including, but not limited to, correspondence,
12 documents related to the testing of evidence (e.g. DNA), etc.

13   Documents produced under these designations, as well as information
14 extracted therefrom, shall be referred to as "Confidential Information" and shall be
15 subject to this Protective Order.

16   The parties agree that for some portions of the listed information good cause
17 exists for the Confidential Information as they are in large part personnel records of law
18 enforcement employees.

19   In the event that Plaintiff disagrees that any of the matters Defendants seek to
20 designate as "confidential" are indeed confidential and later challenge the
21 "confidentiality" designation of any item, he will not be held to higher standard of
22 burden of proof or evidence that is applicable if the challenge was initially made when
23 the objection was initially made.

24 / / /
25 / / /
26
27                  - 3 -

28 **[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

## 2. DURATION

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

All documents (including copies forwarded to experts) subject to this order held by any party, its counsel, experts or consultants, shall be returned to counsel for their respective parties no more than sixty (60) calendar days after this litigation is concluded. The receiving party, and every other person and/or entity who received originals or copies of documents containing Confidential Information by Defendants shall return all originals, and all copies of the documents, and material derived therefrom, to counsel for Defendants, in care of: George L. Mallory, Jr. & Associates, 1925 Century Park East, Suite 2000, Los Angeles, California 90067 (or to a person designated by said counsel). Any expense incurred in the return of said documents shall be at the expense of the party seeking return of the documents. Any documents containing Confidential Information which have been obtained from third parties or via third party subpoena shall be destroyed or returned to the party whose privacy interest is implicated.

The litigation is "concluded" when: (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

## 3. DESIGNATED CONFIDENTIAL INFORMATION

3.1. Each party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items,

- 4 -

or communications (or portions thereof) for which such protection is warranted.

3.2. Information may qualify as Confidential Information only if it has not been made public or released to anyone not a party to this case as listed in 4.3.

3.3. Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents. Any and all photographs or video footage contained within a CD or DVD marked "Confidential" are considered Confidential Information.

3.4. An inadvertent failure to designate Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

3.5. Nothing in this order prevents a non-party/non-employee witness from disclosing or waiving events or activities personal to him or her, that is, any such witness can disclose to others information previously given to the IPD or City of Inglewood with respect to

what he or she saw, heard or otherwise sensed and that information shall not be deemed "CONFIDENTIAL INFORMATION." A non-party/non-employee witness may waive any information provided to an investigator.

4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

    4.1. Under no circumstances shall "Confidential Information" be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court. "Confidential Information" must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

    4.2. "Confidential Information" and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

    4.3. Disclosure of Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

        4.3.1. any Party to this action and that Party's counsel;

        4.3.2. staff and personnel employed by counsel for any party to this action;

        4.3.3. the Court and court personnel, in connection with this litigation;

        4.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and

        4.3.5. experts or consultants retained/consulted to work on this case

- 6 -

**[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

by counsel for any party to this action (each such expert or consultant must agree, in writing, to be bound by the terms of this Protective Order).

4.3.6. If Confidential Information or material are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and the portions containing the Confidential Information or material shall be sealed pursuant to Central District Local Rule 79-5.

4.3.7. A copy of this Protective Order provided by the Defendants shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Protective Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audio and/or video recordings of said deposition shall be subject to this Protective Order. A copy of this Protective Order shall be attached as an exhibit to said audio and/or video recordings of said deposition and the court videographer shall be subject to this Protective Order and precluded from providing the original deposition video recording or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel

- 7 -

[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

        of record. Any audio recording shall similarly be subject to this Protective Order and all persons shall be precluded from providing the original deposition audio recording or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

    4.3.8. Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Information or confidential material therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action. Those attending any depositions using Confidential Information or materials shall not disclose to any person or entity not otherwise entitled to the Confidential Information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Protective Order.

4.4. If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) as "Confidential."

4.5. "Confidential Information" that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules

relating to under seal filings, including Local Rule 79-5. Counsel intending to use "Confidential Information" must both (a) submit unredacted documents containing such Information under seal and (b) file public versions of the same documents with such Information redacted. In the event a sealed document is attached to a dispositive motion, compelling reasons and not simply good cause must be shown to maintain secrecy of the sealed document. Except as set forth in paragraph 4.5.1., counsel for any party to this action shall advise those individuals to whom disclosure of "Confidential Information" is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of such Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of "Confidential Information" shall be made to that individual.

  4.5.1. The foregoing provision shall not apply to the disclosure of "Confidential Information" to the Court or the Court's staff.

4.6 Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to "Confidential Information" in any other court proceeding without further order of this Court.

4.7. The parties shall make good faith efforts to consent to the use of "Confidential Information," and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

- 9 -

**[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

4.8. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**5. CHALLENGES TO DESIGNATIONS**

5.1. Should a party challenge the designation of "Confidential Information," that party must do so in good faith, and shall confer directly with counsel for the producing party.

5.2. If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating "Confidential Information." The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

**6. UNAUTHORIZED DISCLOSURE**

6.1. If a receiving party learns that it has disclosed "Confidential Information" to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the "Confidential Information" from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto.

**[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Should the Court determine that the receiving party intentionally disclosed "Confidential Information" to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

    6.2.    Under no circumstances shall the receiving party file in the public record any "Confidential Information" without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties.  The parties shall make good faith efforts to consent to the use of "Confidential Information" and shall meet and confer to discuss redactions of particularly sensitive information.

**7.**     <u>**RIGHT TO ASSERT OBJECTIONS**</u>

    7.1.    By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein.  The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

This Order may not be modified unless by written consent of the parties or approval of the Court.  This Order shall survive the termination of this action, and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Information and material disclosed pursuant to this Order.

**If a party to whom Confidential Information material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order.**

**[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any Confidential Information materials in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order.  (FFM)**

    **IT IS SO ORDERED**

Dated: October 8, 2015       By:   /S/ FREDERICK F. MUMM
                                                  Frederick F. Mumm
                                                  United States Magistrate Judge

**[PROPOSED] PROTECTIVE ORDER RE: INITIAL DISCLOSURES OF DEFENDANTS CITY OF INGLEWOOD AND OFFICER SALMAN NAZIR AND RESPONSES TO PLAINTIFF JOSHUA JIMENEZ' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**